

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| IRMA RAMIREZ; DAREN HEATHERLY, | No.    14-17054 |
| Plaintiff - Appellants, | D.C. No. 3:12-cv-05656-LB |
| v. | MEMORANDUM[*] |
| GOLDEN CRÈME DONUTS; et al., |  |
| Defendants - Appellees. |  |

Appeal from the United States District Court
for the Northern District of California
Laurel D. Beeler, Magistrate Judge, Presiding

Submitted October 21, 2016[**]
San Francisco, California

Before:  KLEINFELD and M. SMITH, Circuit Judges, and KORMAN,[***] District Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

Irma Ramirez and Daren Heatherly (the "Appellants"), both of whom are disabled, sued Golden Crème Donuts and the owners of the building in which it operates (collectively, "Golden Crème Donuts"), alleging several violations of the Americans with Disabilities Act (the "ADA") and California law. After Appellants filed suit, Golden Crème Donuts remediated all of the alleged ADA violations in the donut shop except for those associated with the public restroom, to which it permanently closed off public access. When the parties cross-moved for summary judgment, the sole disputed ADA violation pertained to the restroom. The district court granted Golden Crème Donuts's motion concluding that, because the restroom was no longer open to the public, it was no longer subject to the dictates of the ADA, and thus the case was moot. The district court declined to exercise supplemental jurisdiction over Appellants' state-law claims. On appeal, Appellants contend that Golden Crème Donuts's closure of the restroom did not moot their claim for injunctive relief under the ADA, and that, because Golden Crème Donuts violated the California Retail Food Code—which, they argue, requires Golden Crème Donuts to maintain a public restroom—by closing the restroom, it was error for the district court to grant Golden Crème Donuts's motion for summary judgment.

2

1.  Title III of the ADA only forbids "discrimination on the basis of disability in 'any place of public accommodation,'" which means that an "employees-only restroom" not open to the public "is not a place of public accommodation and thus is not subject to Title III of the ADA." *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1048 (9th Cir. 2008) (quoting 42 U.S.C. § 12182(a)).  In this case, there is no dispute that Golden Crème Donuts has closed the restroom at the donut shop from public access.  Because "the exclusion of a disabled plaintiff from an employees-only restroom does not violate the ADA," the district court could not enjoin Golden Crème Donuts to make the restroom handicap accessible.  *See Doran*, 524 F.3d at 1048.  Appellants no longer have a claim for injunctive relief under the ADA.  Thus, the case is moot.

2.  Nor does any mootness exception apply.  Because there is a permanent wall blocking public access to the restroom corridor, it is "absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur," and thus the voluntary cessation mootness exception does not apply.  *Friends of the Earth, Inc. v. Laidlaw Envt'l Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000) (quoting *United States v. Concentrated Phosphate Exp. Ass'n*, 393 U.S. 199, 203 (1968)).  Indeed, even if California law required Golden Crème Donuts to provide a public restroom in the future, the entity requiring them to open a public restroom would almost certainly require that future restroom to comply with the ADA.  *See* Cal. Health & Safety Code

§ 113715 (requiring that "[a]ny construction, alteration, remodeling, or operation of a food facility . . . shall be in accordance with all applicable local, state, and federal statutes, regulations, and ordinances").

Finally, the exception applicable to cases "where the trial court's order will have possible collateral legal consequences" does not apply. *Koppers Indus., Inc. v. EPA*, 902 F.2d 756, 758 (9th Cir. 1990). The consequence of which Appellants complain is the closure of the public restroom, but even if the district court ordered Golden Crème Donuts to make the restroom handicap accessible, it could not order Golden Crème Donuts to open it to the public. Thus, even if that consequence were a legal one, which it was not, that consequence did not follow from the district court's order.

3. Golden Crème Donuts has moved for judicial notice to be taken of a state-court complaint that Appellants filed after the district court granted Golden Crème Donuts's motion for summary judgment on Appellants' ADA claim and declined to exercise supplemental jurisdiction over their remaining state-law claims. Because Appellants make no argument that the district court erred by declining to exercise supplemental jurisdiction, that issue is not before the panel.

**The motion requesting that judicial notice to be taken is DENIED and the decision of the district court is AFFIRMED.**